| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | <br><br><br><br>Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number<br><br>Div.:          Ctrm.: |
| Attorneys for Plaintiffs:<br><br>Name:    Glenn W. Merrick, No. 10042<br>             Lee Katherine Goldstein, No. 31548<br>Address:  Senn · Visciano · Kirschenbaum · Merrick P.C.<br>             Suite 4300, 1801 California Street<br>             Denver, Colorado 80202<br>Tel. No.:  (303) 298-1122<br>Fax No.:  (303) 296-9101 | |
| **SUMMONS** | |

EXHIBIT

*A*

The People of the State of Colorado
To the Defendants named above:

Jefferson County Public School District, No. R-1;
John Mitchell; and John Does 1-10
1829 Denver West Drive
Golden, Colorado 80401

You are summoned and required to file with the clerk of this court an answer or other response to the attached complaint within twenty (20) days after this summons is served on you in the State of Colorado, or within thirty (30) days after this summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for relief demanded in the complaint, without any further notice to you.

The following documents are also served with this summons: **Complaint and Jury Demand**

Dated: July 12, 2005.

SENN • VISCIANO • KIRSCHENBAUM • MERRICK P.C.

By: _____

Glenn W. Merrick
Lee Katherine Goldstein

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number 05-CV-2345<br><br>Div.:          Ctrm.: |
| Attorneys for Plaintiffs:<br><br>Name:      Glenn W. Merrick, No. 10042<br>               Lee Katherine Goldstein, No. 31548<br>Address:   Senn - Visciano · Kirschenbaum · Merrick P.C.<br>               Suite 4300, 1801 California Street<br>               Denver, Colorado 80202<br>Tel. No.:   (303) 298-1122<br>Fax No.:   (303) 296-9101 | |
| NOTICE OF FILING PROOF OF SERVICE | |

Plaintiffs, through their undersigned counsel, hereby gives notice of filing the attached proof of service:

1.    Original Affidavit of Service by Disinterested Person – Jefferson County Public School District.

Dated: July 18, 2005.

SENN · VISCIANO · KIRSCHENBAUM ·MERRICK P.C.

By:____/s/ Glenn W. Merrick_____
Glenn W. Merrick
Lee Katherine Goldstein

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of July, 2005, the foregoing **NOTICE OF FILING PROOF OF SERVICE (Jefferson County Public School District)** was served upon the Defendant via U.S. Mail, to the following *pro se* parties of record:

Jefferson County School District
1829 Denver West Drive
Golden, Colorado 80401

____/s/ Dyanna Spicher_____

In accordance with C.R.C.P. 121 §1-26(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.

2

## Affidavit of Service by Disinterested Person

State Of _Colorado_

County Of _JEFFeson_

Case #: _____

Case: _Vanessa L. Robben v. Jefferson County Public Schools_

Documents Served: _Summons_
_Complaint and Jury Demand_

I, _Shari Abeyta_, the affiant, being sworn, says: that the affiant is over eighteen years of age and is not a party to this action. The affiant has duly served the aforementioned documents to:

_Jefferson County Public School District_ (Witness or defendant),
at _1829 Denver West Drive_ (Location address),
in _Jefferson_ (County), _Colorado_ (State),
on _7-13-05_ (Date), at _1:30 pm_ (Time)

BY:

_____ Handing to the person identified to me as _____.

_____ Leaving it with _____ who refused service.

_X_ Leaving it with _Hanna Ramsey (Records Manager)_
who accepted service on behalf of the witness or defendant.

_____ Leaving it with _____ who is the defendant's
_____ (Relationship to defendant) at the defendant's residence.

_____ Posting, at the aforementioned address in a conspicuous place,
_____ (Describe location).

Subscribed and sworn to before me this _____ day of _July_, 20 _05_.

_____
Notary Public

_____     7-15-05
Process Server              Date

Ryan Johnston, Notary Public
State of Colorado

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number<br><br>Div.:          Ctrm.: |
| Attorneys for Plaintiffs:<br><br>Name:    Glenn W. Merrick, No. 10042<br>         Lee Katherine Goldstein, No. 31548<br>Address:  Senn · Visciano · Kirschenbaum · Merrick P.C.<br>          Suite 4300, 1801 California Street<br>          Denver, Colorado 80202<br>Tel. No.: (303) 298-1122<br>Fax No.:  (303) 296-9101 | |

## DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

1.      This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.      Check the boxes applicable to this case.

        □ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

        √ Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because (check one box below identifying why 16.1 does not apply):

        □ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, or

        √ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), or

        □ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. √    This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Dated: July 12, 2005

                        SENN • VISCIANO • KIRSCHENBAUM • MERRICK P.C.

                        By: ___/s/ Glenn W. Merrick_____
                            Glenn W. Merrick
                            Lee Katherine Goldstein

                        ATTORNEYS FOR PLAINTIFFS

## NOTICE

√ This cover sheet must be filed in all District Court Civil (CV) Cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

√This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, crossclaim, or third party complaint.

√This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.

**In accordance with C.R.C.P. 121 §1-26(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.**

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number<br><br>Div.:          Ctrm.: |
| Attorneys for Plaintiffs:<br><br>Name:    Glenn W. Merrick, No. 10042<br>              Lee Katherine Goldstein, No. 31548<br>Address:  Senn · Visciano · Kirschenbaum · Merrick P.C.<br>              Suite 4300, 1801 California Street<br>              Denver, Colorado 80202<br>Tel. No.:  (303) 298-1122<br>Fax No.:  (303) 296-9101 | |
| COMPLAINT AND JURY DEMAND | |

COMES NOW Vanessa L. Robben ("V. Robben"), through her natural mother and next friend, Greta L. Robben ("G. Robben"), and G. Robben in her individual capacity, through their undersigned counsel, Senn · Visciano · Kirschenbaum · Merrick P.C., and for their Complaint against Defendants, allege as follows:

## I.    Parties, Jurisdiction and Venue

1.    V. Robben is an eight (8) year old female who resides with her natural mother, G. Robben, at 1801 East Girard Place, Apartment 214, Englewood, Colorado.

2.    G. Robben is an individual over the age of 21 years, is the natural mother of V. Robben and resides with V. Robben, at 1801 East Girard Place, Apartment 214, Englewood, Colorado.

3.    Jefferson County Public School District, No. R-1 ("School District") is a school district organized under the laws of the State of Colorado. Under the provisions of C.R.S. §22-32-101, School District is a separate corporate body which is subject to suit in its corporate name and capacity.

4.    John Mitchell ("Mitchell") is an individual over the age of 21 years who at all times material to this Complaint was employed by School District as a bus driver. At all times material to this Complaint, Mitchell operated/drove the public school bus that transported V. Robben to and from Fletcher Miller School ("FMS") in Jefferson County, Colorado and acted within the scope of his employment by School District.

5.    John Does 1-10 are individuals over the age of 21 years whose true identities and names are currently unknown. These individuals were, at all times material to this Complaint, employed by School District as administrators, teachers and staff personnel at FMS, or as bus drivers/operators or bus attendants on buses transporting students to/from FMS. At all times material to this Complaint, John Does 1-10 were charged with directing, supervising and/or monitoring FMS students, including V. Robben and Ryan Slattery ("Slattery"), and each acted within the scope of his/her employment by School District. This Complaint shall be amended to allege the proper names of the John Does Defendants once the identities of such persons are discovered by Plaintiffs.

6.    This Court possesses subject matter jurisdiction to adjudicate the claims for relief set forth herein under the provision of Art. VI, Section 9(1) of the Colorado Constitution.

7.    Venue is proper in this Court pursuant to C.R.C.P. 98.

## II.    General Allegations

8.    Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-7 of this Complaint as if set forth in full here.

9.    At all times material to this Complaint, School District was responsible, among other things, for implementing, directing, administering and monitoring primary and

2

secondary public school educational programs for Jefferson County, Colorado. This responsibility includes programs for special needs students.

10.    At all times material to this Complaint, School District had undertaken, pursuant to C.R.S. §22-13-113(1), to provide school busing for the purpose of pupil transportation to and from Jefferson County public schools, including FMS. FMS is a public school in Jefferson County that offers educational programming specifically designed for special needs students from preschool through age 21.

11.    Since birth, V. Robben has been a victim of Prader-Willi Syndrome, a genetic disorder. V. Robben has been diagnosed as mildly to moderately retarded.

12.    During the 2003-2004 school year, V. Robben was enrolled in FMS by G. Robben. At the time, both V. Robben and G. Robben were residents of Jefferson County, Colorado.

13.    During the 2003-2004 school year Slattery was an 18-year old male student enrolled at FMS. Slattery has been diagnosed as mildly retarded.

14.    During the first and/or second quarters of 2004, at a time when V. Robben was 7 years old, Slattery sexually molested V. Robben. These acts occurred during school hours in the FMS gymnasium and on FMS school grounds. In addition, during the first and/or second quarters of 2004 Slattery sexually molested Robben on the bus that transported V. Robben to and from FMS. The sexual molestation included Slattery placing his fingers inside of V. Robben's vagina and forcing V. Robben to perform a sexual act on Slattery.

15.    Finally, on the afternoon of April 21, 2004, Slattery sexually molested V. Robben in the back of the bus being driven by Mitchell while V. Robben was being transported home from FMS. At the time there were only four students on the bus.

16.    On April 22, 2004, V. Robben advised Vicky Swensen, a teacher at FMS, about the events that transpired on the bus the previous afternoon. Ms. Swensen promptly notified David Spinks, the FMS principal, of what she had been told by V. Robben.

17.    Mr. Spinks chose not to advise G. Robben at any time of the report of sexual molestation of V. Robben. Mr. Spinks chose not to notify any police or law enforcement agency at any time of the report of a sex crime having been committed against V. Robben. Indeed, Mr. Spinks elected to wait until the following Monday, April 26, 2004, to advise the FMS counselor, Tammy Rice, of the report of sexual molestation of V. Robben.

18.    Slattery was subsequently charged with felonious behavior by the Jefferson County District Attorney's Office. On March 14, 2005, Slattery pleaded guilty to Criminal Attempt, Sexual Assault on a Child, a felony.

3

19.    Prior to April 21, 2004, the Defendants knew, or had reason to know, that Slattery was a "problem student," and that he should not be permitted to be alone with or to sit unsupervised with other students as he exhibited "touchy-feely" tendencies. Prior to April 21, 2004, School District had actual and/or constructive knowledge that Mr. Slattery posed a material threat to other FMS students.

20.    Defendants unreasonably failed to devise, implement, monitor and enforce appropriate measures and procedures to protect V. Robben from harm and injuries at the hands of Slattery.

21.    As a direct and proximate result and consequence of the failures and omissions by Defendants, V. Robben was repeatedly (on at least six occasions) sexually molested by Slattery. As a direct and proximate result and consequence of the failures and omissions by Defendants, V. Robben suffered substantial injuries and damages.

22.    Prior to April 21, 2004, V. Robben was a secure, happy child who did not exhibit anger or aggressive behavior. As a direct and proximate result and consequence of the sexual molestation, V. Robben has extreme fear of the dark, has trouble sleeping, is fearful of other people, is in constant need of reassurance, suffers dramatic mood swings (including rage, crying and withdrawal) and anxiety. In addition, V. Robben is terrified that boys will touch her, fears that her dolls will be touched and has regressed to the point that she soils her clothes and wets her bed.

23.    As a direct and proximate result and consequence of the sexual molestation, V. Robben is being treated by Jane Cleveland, Psy.D., a mental health care professional. Dr. Cleveland has diagnosed V. Robben as suffering from a form of post-traumatic stress disorder.

24.    As a direct and proximate result and consequence of the sexual molestation of V. Robben, G. Robben has foreseeably sustained severe emotional trauma and distress. In particular, G. Robben now experiences loss of sleep, severe guilt, disappointment, embarrassment, intense anger, fear, humiliation, anxiety, feelings of helplessness and a material loss of quality of life.

25.    On October 6, 2004, Plaintiffs timely provided a Notice of Claims pursuant to C.R.S. § 24-10-101, et seq. (the "GIA Notice"). No response has been received in respect of the GIA Notice.

III.    **First Claim for Relief**
[42 U.S.C. § 1983]

26.    Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-25 of this Complaint as if set forth in full here.

4

27.    Defendants have, under color of state law, subjected each of the Plaintiffs, or caused each of the Plaintiffs to be subjected, to a deprivation of various rights, privileges and/or immunities secured by the federal constitution and/or federal statutes and rules/regulations.

28.    As a direct and proximate result and consequence of these violations of the Plaintiffs' federal civil rights, Plaintiffs have sustained substantial damages and injuries as more fully described above.

29.    In addition, Plaintiffs have sustained out of pocket costs and expenses, loss of time, and have been required to retain counsel and to incur substantial legal fees and costs (both currently and into the future) in the pursuit of their claims.

30.    Defendants' acts, practices and course of conduct causing injury to Plaintiffs described herein were attended by circumstances of intentional conduct, deliberate indifference, recklessness, and wilfull and wanton conduct within the meaning of C.R.S. §13-17-102.

31.    Under the provisions of 42 U.S.C. §1988, Plaintiffs are entitled (in addition to all other relief to which they are entitled) to recover their reasonable attorneys' fees and expert witness fees in pursuing this claim for relief.

32.    All conditions precedent and subsequent to the Plaintiffs' rights to initiate and maintain this claim against Defendants have been performed, waived or have otherwise occurred.

IV.    **Second Claim for Relief**
[42 U.S.C. § 1985]

33.    Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-32 of this Complaint as if set forth in full here.

34.    Defendants have, expressly and/or tacitly, conspired to deprive the Plaintiffs of the equal protection of the laws and to deprive Plaintiffs of the equal privileges and immunities under the laws.

35.    One or more acts have been undertaken and performed in furtherance of the aforementioned deprivation of rights and privileges such that the Plaintiffs have been injured in their person and property, and have been deprived of exercise of rights and privileges as citizens of the United States, all in derogation of 42 U.S.C. §1985(3).

36.    As a direct and proximate result and consequence of this deprivation of Plaintiffs' civil rights, Plaintiffs have sustained substantial damages and injuries as more fully described above.

5

37.    Defendants' acts, practices and course of conduct causing injury to the Plaintiffs described herein were attended by circumstances of intentional conduct, deliberate indifference, recklessness, and wilfull and wanton conduct within the meaning of C.R.S. §13-17-102.

38.    Under the provisions of 42 U.S.C. §1988, the Plaintiffs are entitled (in addition to all other relief to which they are entitled) to recover their reasonable attorneys' fees and expert witness fees in pursuing this claim for relief.

39.    All conditions precedent and subsequent to the Plaintiffs' rights to initiate and maintain this claim against Defendants have been performed, waived or have otherwise occurred.

## V.    Third Claim for Relief
[Outrageous Conduct]

40.    Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-39 of this Complaint as if set forth in full here.

41.    Defendants engaged in extreme and outrageous conduct more particularly described above. Defendants engaged in such conduct recklessly.

42.    As a direct and proximate result and consequence of Defendants' extreme and outrageous conduct, Plaintiffs have suffered severe emotional distress and other injuries as more fully described above.

43.    Defendants' acts, practices and course of conduct proximately causing injury to Plaintiffs were attended by circumstances of wilfull and wanton conduct within the meaning of C.R.S. §13-17-102.

44.    All conditions precedent and subsequent to Plaintiffs' right to initiate and maintain this claim against Defendants have been performed, waived or have otherwise occurred.

## VI.    Fourth Claim for Relief
[Negligence]

45.    Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-44 of this Complaint as if set forth in full here.

46.    Defendants each owed Plaintiffs a duty of reasonable care, caution and prudence to prevent unreasonable risks of injury and/or harm to V. Robben while V. Robben was on FMS school premises and while she was riding on the school bus.

6

47. Defendants knew or should have known that Slattery posed an unreasonable risk and threat of injury to V. Robben.

48. Defendants each breached their duties of care to each of the Plaintiffs by failing to take all reasonable steps and precautions to protect V. Robben from harm and injury at the hands of Slattery.

49. As a direct and proximate result and consequence of the Defendants' negligence Plaintiffs have sustained substantial damages and injuries as more fully described above.

50. Defendants' acts, practices and course of conduct causing injury to the Plaintiffs described herein were attended by circumstances of wilfull and wanton conduct within the meaning of C.R.S. §13-17-102.

51. All conditions precedent and subsequent to Plaintiffs' right to initiate and maintain this claim against Defendants have been performed, waived or have otherwise occurred.

## VII.     Fifth Claim for Relief
[Negligent Infliction of Emotional Distress]

52. Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-51 of this Complaint as if set forth in full here.

53. Defendants' negligence created an unreasonable risk of physical harm to V. Robben.

54. Defendants' negligence caused V. Robben to become fearful for her own safety and well being.

55. As a direct and proximate result and consequence of Defendants' negligent acts and omissions V. Robben has suffered severe emotional distress and other injuries as more fully described above.

56. Defendants' acts, practices and course of conduct causing injury to V. Robben described herein were attended by circumstances of wilfull and wanton conduct within the meaning of C.R.S. §13-17-102.

57. All conditions precedent and subsequent to V. Robben's right to initiate and maintain this claim against Defendants have been performed, waived or have otherwise occurred.

7

## VIII. Sixth Claim for Relief
[Negligent Training, Supervision and Monitoring]

58. Plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1-57 of this Complaint as if set forth in full here.

59. School District owed a duty to each of the Plaintiffs to reasonably and responsibly train, supervise and monitor FMS administrators, teachers and staff, as well as the persons who operated/drove the school bus that transported V. Robben to/from FMS.

60. School District breached the duty to reasonably and responsibly train, supervise and monitor FMS administrators, teachers and staff, as well as the persons who operated/drove the school bus that transported V. Robben to/from FMS.

61. As a direct and proximate result and consequence of School District's negligence in the training, supervision and monitoring of its employees Plaintiffs have sustained substantial damages and injuries as more fully described above.

62. School District's acts, practices and course of conduct causing injury to the Plaintiffs described herein were attended by circumstances of wilfull and wanton misconduct and gross negligence within the meaning of C.R.S. §13-17-102.

63. All conditions precedent and subsequent to Plaintiffs' right to initiate and maintain this claim against School District have been performed, waived or have otherwise occurred.

## Reservation of Right of Amendment

Plaintiffs expressly reserve the right to amend these claims to assert additional claims for relief.

8

## PRAYER FOR RELIEF

WHEFEFORE, V. Robben and G. Robben respectfully pray that this Court enter judgment in favor of each of the Plaintiffs, and against each of the Defendants:

A.    Awarding each of the Plaintiffs full compensatory, special, consequential and incidental damages;

B.    Awarding each of the Plaintiffs pre-judgment interest, post-judgment interest, reasonable attorneys' fees, expert witness fees and costs of suit; and

C.    Awarding each of the Plaintiffs such other and further relief to which the Plaintiffs may be entitled.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues so triable.

Dated: July 12, 2005.

SENN · VISCIANO · KIRSCHENBAUM · MERRICK P.C.

By: __/s/ Glenn W. Merrick/_____
Glenn W. Merrick
Lee Katherine Goldstein

ATTORNEYS FOR PLAINTIFFS

Plaintiff's Address:
1801 E. Girard Place
Apartment 214
Englewood, Colorado  80113

9

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | <br><br><br>Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number 05-CV-2345<br><br>Div.:        Ctrm.: |
| Attorneys for Plaintiffs:<br><br>Name:    Glenn W. Merrick, No. 10042<br>         Lee Katherine Goldstein, No. 31548<br>Address: Senn · Visciano · Kirschenbaum · Merrick P.C.<br>         Suite 4300, 1801 California Street<br>         Denver, Colorado 80202<br>Tel. No.: (303) 298-1122<br>Fax No.: (303) 296-9101 | |
| **MOTION TO APPROVE WITHDRAWAL OF COUNSEL<br>BY LEE KATHERINE GOLDSTEIN** | |

Pursuant to C.R.C.P. 121, § 1-1(2), the undersigned, Lee Katherine Goldstein (Bar No. 31548), hereby respectfully requests that this Court enter an Order granting her permission to withdraw her appearance on behalf of Vanessa L. Robben and Greta L. Robben in the above-captioned case. In support of this motion, the undersigned states as follows:

1.    As of July 30, 2005, Lee Katherine Goldstein will no longer be employed by Senn Visciano Kirschenbaum Merrick P.C.

2.      Glenn W. Merrick of Senn Visciano Kirschenbaum Merrick P.C. will continue to represent Vanessa L. Robben and Greta L. Robben in this matter.

3.      In accordance with C.R.C.P. Rule 121, §1-15(8), the undersigned certifies that she has not conferred with opposing counsel with regard to this motion, as the undersigned does not believe that such conference would be appropriate.

4.      The undersigned further certifies that a copy of this Motion has been served upon Vanessa L. Robben and Greta L. Robben.

WHEREFORE, Lee Katherine Goldstein respectfully requests that this Court enter an Order granting her permission to withdraw as counsel of record for Vanessa L. Robben and Greta L. Robben, effective as of July 30, 2005.

Dated:  July 26, 2005.

SENN · VISCIANO · KIRSCHENBAUM ·MERRICK P.C.


By:____/s/ Lee Katherine Goldstein_____
        Glenn W. Merrick
        Lee Katherine Goldstein

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of July, 2005, the foregoing **MOTION TO APPROVE WITHDRAWAL OF COUNSEL BY LEE KATHERINE GOLDSTEIN** was served upon the Defendant via U.S. Mail, to the following *pro se* parties of record:

Jefferson County School District
1829 Denver West Drive
Golden, Colorado 80401


_____/s/ Dyanna Spicher_____

**In accordance with C.R.C.P. 121 §1-26(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.**

2

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, Colorado 80401 | <br><br><br><br>Δ COURT USE ONLYΔ |
| VANESSA L. ROBBEN, by and through her natural mother and next friend, GRETA L. ROBBEN; and GRETA L. ROBBEN, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY PUBLIC SCHOOL DISTRICT, No. R-1; JOHN MITCHELL; and JOHN DOES 1-10,<br><br>Defendants. | Case Number 05-CV-2345<br><br>Div.:          Ctrm.: |

## ORDER GRANTING MOTION TO APPROVE WITHDRAWAL OF COUNSEL BY LEE KATHERINE GOLDSTEIN

THIS CAUSE HAVING COME BEFORE THE COURT upon the Motion to Approve Withdrawal of Counsel by Lee Katherine Goldstein, and the Court having reviewed the Motion;

IT IS HEREBY ORDERED that the Motion is GRANTED. Lee Katherine Goldstein is hereby authorized to withdraw as counsel for Vanessa L. Robben and Greta L. Robben, effective July 30, 2005. Glenn W. Merrick of Senn Visciano Kirschenbaum Merrick P.C. will continue to represent Vanessa L. Robben and Greta L. Robben in this proceeding.

Dated: _____, 2005.

BY THE COURT:

_____
District Court Judge